1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

KALVAN KIRKPATRICK,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

CASE NO. 2:15-cv-1001 JCC-JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: December 11, 2015

17    This matter has been referred to United States Magistrate Judge J. Richard

18 Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19 4(a)(4), and as authorized by *Mathews, Secretary of  H.E.W. v. Weber*, 423 U.S. 261,

20 271-72 (1976).  This matter has been fully briefed (*see* Dkt. 11, 12, 13).

21    After considering and reviewing the record, the Court concludes that the ALJ's

22 written decision is supported by substantial evidence in the record as a whole. For

23 example, plaintiff's allegations that he has difficulty being active for more than an hour

24

each day and is unable to lift a full gallon of milk is inconsistent with his testimony that he daily cares for his child, does housework and mows the lawn with a self-propelled push mower.

Therefore, the ALJ's decision should be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, KALVAN KIRKPATRICK, was born in 1967 and was 44 years old on the alleged date of disability onset of March 11, 2012 (*see* AR. 174-76, 177-84). Plaintiff has a limited education (*see* AR. 26).   Plaintiff has work experience in property maintenance, and as an auto mechanic and lube technician and believes he was terminated from his last job for being too slow with the work (AR. 48-53).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease and osteoarthritis (20 CFR 404.1520(c))" (AR. 19).

At the time of the hearing, plaintiff was living in a home with his wife and two children (AR. 45-46).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 77-81, 82-87). Plaintiff's requested hearing was held before Administrative Law Judge Virginia M. Robinson ("the ALJ") on November 26, 2013 (*see* AR. 41-75). On February 23, 2013, the ALJ issued a written decision in which the ALJ

1 | concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-
2 | 31).
3 |      On May 4, 2015, the Appeals Council denied plaintiff's request for review,
4 | making the written decision by the ALJ the final agency decision subject to judicial
5 | review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court
6 | seeking judicial review of the ALJ's written decision in June 2015 (*see* Dkt. 3).
7 | Defendant filed the sealed administrative record regarding this matter ("AR.") on August
8 | 28, 2015 (*see* Dkt. 9).
9 |      In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or
10 | not the commissioner erred by failing to consider properly the credibility of plaintiff's
11 | allegations; and (2) Whether or not the commissioner erred by failing to consider
12 | properly the professional opinion of plaintiff's treating physician (*see* Dkt. 11, p. 1).

STANDARD OF REVIEW

     Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
denial of social security benefits if the ALJ's findings are based on legal error or not
supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d
1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.
1999)).

//

//

//

<u>DISCUSSION</u>

**(1)    Whether or not the commissioner erred by failing to consider properly the credibility of plaintiff's allegations.**

Plaintiff contends that the ALJ erred by failing to credit fully plaintiff's allegations. Defendant contends that there is no error.

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement"); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. §

423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

As noted by the ALJ, plaintiff "testified that due to his back impairments, he has difficulty being active for more than an hour each day (hearing testimony)" (AR. 22). Plaintiff indicated that "he can only sit in a chair for about five minutes before needing to adjust positions (hearing testimony)" (*id.*). Plaintiff also "stated that he has difficulty picking up a full two-liter bottle soda, and is unable to lift a full gallon of milk (hearing testimony)" (*id.*). Although plaintiff contests the ALJ's interpretation of plaintiff's hearing testimony, the Court concludes that it is appropriate. For example, plaintiff testified that "I get kind of weary just picking up full two liter pop bottles or two, three-liter bottles, picking those up. I don't pick up gallons of milk" (AR. 63).

The ALJ found as follows:

> The limitations that the claimant alleges are inconsistent with his activities of daily living. He is able to attend to all of his activities of daily living independently (internal citation to 6F/2). On a typical day, the claimant wakes up at 7 AM, feeds his 7-year-old son, and then takes him to his bus stop for school (hearing testimony). He does household chores such as vacuuming and washing the dishes (hearing testimony; internal citation to 6F/2). He also does yard work such as mowing the lawn (internal citation to 6F/2). The claimant is able to drive a car to get around, though he states that he can only drive short distances (hearing

testimony). He also spends time doing things that he enjoys. For
example, the claimant enjoys playing golf when he can afford it (hearing
testimony). He also enjoys playing with his children (5F/4; hearing
testimony). I note that the claimant serves as the primary caregiver for
seven-year-old son. The claimant's wife works full-time, and the
claimant testified that he is the one that gets his son off to school in the
mornings. He also stated that in the summers, he is home with his son all
day. His ability to care for himself and a young child indicates a higher
level of functioning than the claimant alleges.

(AR. 22-23).

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that
the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any
way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625,
639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).
The Ninth Circuit specified "the two grounds for using daily activities to form the basis
of an adverse credibility determination: (1) whether or not they contradict the claimant's
other testimony and (2) whether or not the activities of daily living meet "the threshold
for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at
603). Here, the ALJ clearly is relying on a finding that plaintiff's activities of daily living
contradict his other testimony (*see* AR. 22-23). *See id.* This finding is supported by
substantial evidence in the record as a whole.

It is true that an ALJ may not first presume that a claimant conducts his activities
of daily living differently than he or she contends and then use that presumption to
support an adverse credibility finding. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22 (an
ALJ may not speculate); *see also Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)
(*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

1  However, here, even when consideration is given as to how plaintiff testified that he

2  conducts his activities of daily living, the ALJ's finding that they are inconsistent with

3  plaintiff's claims of being totally disabled is supported by substantial evidence in the

4  record as a whole. As noted by the Ninth Circuit, even when the claimant's "activities

5  suggest some difficulty functioning, they may be grounds for discrediting the claimant's

6  testimony to the extent that they contradict claims of a totally debilitating impairment."

7  *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (*citing Turner v. Comm'r of Soc.*

8  *Sec. Admin.*, 613 F. 3d 1217, 1225 (9th Cir. 2010); *Valentine v. Comm'r Soc. Sec.*

9  *Admin.*, 574 F.3d 685, 693 (9th Cir. 2009)).

10

11      Here, plaintiff alleged that he can only sit for about five minutes however also

12  testified that he is able to drive a car to get around (AR. 22-23). Although plaintiff

13  contends that he only can drive short distances, the ALJ's inference that not all of

14  plaintiff's driving can be completed in five minutes is an inference "logically flowing

15  from the evidence."  *See Sample, supra*, 694 F.2d at 642 (*citing Beane, supra,* 457 F.2d at

16  758; *Wade, supra,* 509 F. Supp. at 20). In fact, plaintiff himself testified he can drive for

17  15 minutes at a time (AR. 57). This is inconsistent with his allegation that he could only

18  sit for a maximum of five minutes at a time (AR. 58). Similarly, the ALJ's inference that

19  plaintiff's performance of household chores such as vacuuming and washing the dishes,

20  as well as conducting yard work such as mowing the lawn with a self-propelled push

21  mower is inconsistent with plaintiff's allegations of "a totally debilitating impairment" is

22  reasonable. *See Molina, supra,* 674 F.3d at 1113 (*citing Turner, supra,* 613 F. 3d at 1225;

23  *Valentine, supra,* 574 F.3d at 693). The ALJ's inference that mowing the lawn even for

24

20 minutes at a time with a self-propelled push mower demonstrates an inconsistency

with plaintiff's allegation that he does not have the strength to lift a full gallon of milk is

supported by substantial evidence in the record as a whole, as is the inference that

vacuuming requires more than the alleged limited strength (*see* AR. 47). Further

supporting this inference, the ALJ noted that plaintiff demonstrated "5+/5 strength in

both the upper and lower extremities and 5/5 handgrips (internal citation to AR. 362)"

(AR. 24).

Regarding the ALJ's reference to plaintiff's playing golf, the Court concludes that

plaintiff's testimony in this regard also supports the ALJ's finding regarding an

inconsistency between plaintiff's activities of daily living and his allegations of

limitations. Plaintiff testified that "every time I go out I have to get a cart because I can't

walk the distance and everything to do it" (AR. 47). Plaintiff also testified that "that's

what I enjoy doing, but I don't do it much anymore" (AR. 47-48). Although plaintiff also

indicated that he had not "played in quite a while," and that he could not ever play golf

anymore, the Court concludes that plaintiff's testimony in this regard is inconsistent. The

Court also concludes that the ALJ's inference that plaintiff still was playing golf

sometimes is supported by plaintiff's testimony that he did not "do it much anymore,"

and that every time he went out he needed to get a cart, and hence is supported by

substantial evidence in the record as a whole (AR. 47-48). It also supports the ALJ's

finding that plaintiff's activities of daily living are inconsistent with his allegations of "a

totally debilitating [back] impairment" and with his allegation that he only can be active

1    for an hour at a time. *See Molina*, *supra,* 674 F.3d at 1113 (*citing Turner*, *supra,* 613 F.

2    3d at 1225; *Valentine*, *supra,* 574 F.3d at 693).

3         Although plaintiff contends that it is not clear from the ALJ's decision which

4    allegations of plaintiff are not credible, the Court concludes that based on the ALJ's

5    discussion of plaintiff's hearing testimony and the activities of daily living, as noted by

6    the Court herein, the ALJ's rationale is clear from a review of the decision (*see, e.g.,* AR.

7    22-23). The reviewing court is "not deprived of [its] faculties for drawing specific and

8    legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755

9    (9th Cir. 1989). "Magic words" on the part of an ALJ are not required. *See id.*

10        For the reasons stated and based on the record as a whole, the Court concludes that

11   the ALJ's finding that plaintiff's activities of daily living are inconsistent with his

12   allegations regarding limitations is a finding based on substantial evidence in the record

13   as a whole.

14        When failing to credit fully plaintiff's credibility, the ALJ also relied on a finding

15   that plaintiff's allegations are inconsistent with the objective medical evidence (AR. 23-

16   25). Contrary to plaintiff's argument that defendant is defending the ALJ's decision "on

17   grounds that the agency itself did not embrace," (Dkt. 13, p. 4), this reason clearly is

18   provided by the ALJ as she concludes that the medical "records from the alleged onset

19   date through the present are minimal, and fail to document the degree of limitation that

20   the claimant is now alleging" (AR. 23). As noted already, the Court is "not deprived of

21   [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion."

22   *Magallanes*, *supra*, 881 F.2d at 755. This finding by the ALJ also is supported by

substantial evidence in the record as a whole. For example, in early June 2013, plaintiff sought treatment for flare up of his back pain (AR. 23 (*citing* AR. 307)). However, as noted by the ALJ, at that time, plaintiff reported that although "he had suffered from chronic back issues, this condition had been controlled for the past five years" (*id*.). This examination occurred over a year after plaintiff's alleged onset date of disability of March 11, 2012 (AR. 17, 19) and it also is a finding specifically noted by the ALJ (AR. 23). As noted by the ALJ, plaintiff "was given injections and pain medication, and instructed to follow-up in 2 to 3 days if he was not improving (AR. 23 (*citing* AR. 309)). Also as noted by the ALJ, plaintiff "does not appear to have followed up after this appointment" (*id*.).

Similarly, as noted already, contrary to plaintiff's allegation that he could not lift a gallon of milk, the ALJ noted that on examination in July 18, 2013, plaintiff "had 5+/5 strength in both the upper and lower extremities and 5/5 handgrips" (AR. 24 (*citing* AR. 362)). This examination also revealed that plaintiff's muscle "bulk and tone are fair" and that there was "no gross atrophy" (*see id.*). Again, the Court notes that this examination occurred after plaintiff's alleged onset date of disability (*see id.*; *see also* AR. 17, 19). At this examination, the ALJ also noted that plaintiff was able to ambulate in and out of the office without a problem; straight leg raise testing was negative in the seated and supine position; plaintiff's tandem walk was normal; Romberg's was absent; plaintiff station and gait were both normal; and he did not require the use of an assistive device (AR. 24 (*citing* AR. 361-362)). As noted by the ALJ, examination on September 24, 2013 revealed similar results, with stable gate; ability to tip toe walk; full range of motion in

the shoulders with "no muscular atrophy;" 5/5 muscle strength in the biceps, triceps,

wrist extensors/flexors and hand intrinsic; no tenderness to palpitation in the upper

extremities; and no tenderness to palpitation in the lower extremities with "no muscle

atrophy" and 5/5 strength (AR. 24 (*citing* AR. 443-44)).

For the reason stated and based on the record as a whole, the Court concludes that

the ALJ's finding that plaintiff's allegations are inconsistent with the objective medical

evidence is a finding based on substantial evidence in the record as a whole.

The Court also concludes that this reason, as well as inconsistency between

plaintiff's allegations and activities of daily living, provides clear and convincing

rationale for the ALJ's failure to credit fully plaintiff's allegations of disabling

limitations.

**(2)    Whether or not the commissioner erred by failing to consider properly the professional opinion of plaintiff's treating physician.**

Plaintiff contends that the ALJ erred by failing to credit fully the medical opinion

of treating physician, Dr. Marci M. Nelson, M.D. Defendant contends that there is no

error.

When an opinion from a treating doctor is contradicted by other medical opinions,

the treating doctor's opinion can be rejected "for specific and legitimate reasons that are

supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31

(9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v.*

*Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The medical opinion of Dr. Nelson is

contradicted by that of Dr. Daniel V. Phan, M.D., who "opines that the claimant has the

1  residual functional capacity to perform medium work" (AR. 25 (*citing* AR. 362)). The

2  Court notes that the ALJ found that plaintiff was more limited and suffered from "greater

3  limitations than those opined by Dr. Phan," a finding not contested by plaintiff (*id.*).

4      Dr. Nelson treated plaintiff for several years and provided her opinion regarding

5  plaintiff's condition (*see* AR. 438-44). The ALJ gave "great weight" to a portion of her

6  opinion, finding that "it is supported by the history of the MRI results showing some

7  degeneration in the claimant's back, as well as the treatment notes indicating he suffers

8  from chronic pain" (AR. 25). However, the ALJ found that "Dr. Nelson goes on to opine

9  that the claimant is unable to work, but she does not assess specific functional imitations"

10  (*id.* (*citing* AR. 438)). This finding is supported by substantial evidence in the record as a

11  whole. The ALJ also found that Dr. Nelson's opinion is inconsistent with plaintiff's "own

12  statements, [which demonstrate that] he is clearly able to do some house and yard work,

13  can care for his child, and can tend to his self-care" (*id.*). As already discussed, *see supra*,

14  section 1, the Court concludes that the ALJ's finding that plaintiff's activities of daily

15  living are inconsistent with his allegations of total disability is a finding based on

16  substantial evidence in the record as a whole. The Court also concludes that this rationale

17  entails a legitimate reason for failing to credit fully the opinion of total disability by Dr.

18  Nelson.

19                    CONCLUSION

20      Based on the stated reasons, and the relevant record, the undersigned recommends

21  that this matter be **AFFIRMED**.  **JUDGMENT** should be for **DEFENDANT** and the

22  case should be closed.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 12

1      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

3  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

4  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

5  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

6  matter for consideration on December 11**,** 2015, as noted in the caption.

7      Dated this 16th day of November, 2015.

8

9

10

J. Richard Creatura
United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24